UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 18-12579-RWZ

HELIA JALILI

v.

H.C. STARCK, INC., *et al.*

ORDER

February 1, 2019

ZOBEL, S. D.J.

On October 12, 2018, Dr. Helia Jalili ("plaintiff") filed suit in Massachusetts Superior Court against her former employer, H.C. Starck, Inc., and her former supervisor, Dr. Francois Dary (collectively "defendants"). Plaintiff's complaint contains four counts, each alleging a violation of Mass. Gen. Laws ch. 151B. On December 14, 2018, defendants removed the case to this court, asserting original jurisdiction in this court over Count II pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over the remaining three counts pursuant to 28 U.S.C. § 1367. Plaintiff has moved to remand.

Count II, titled "Violation of M.G.L. c. 151B - Retaliation," alleges that defendants retaliated against plaintiff "as a result of her engaging in protected activities" when they terminated her employment immediately after she returned from "protected pregnancy leave" and "request[ed] accommodations." Docket # 12-1. According to defendants, the only protected conduct at issue is plaintiff's taking of leave under the federal Family

1

and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601–2654. Therefore, defendants argue Count II is actually a federal law claim.

As a preliminary matter, defendants assert that removal is timely under 28 U.S.C. § 1446(b)(3) because the removability of the case was only ascertained during plaintiff's deposition on November 27, 2018.[1]  During the deposition, defense counsel asked plaintiff about her understanding of the "protected conduct" referenced in the complaint and plaintiff responded: "I'm not a lawyer, but ... I went on an approved maternity leave." Docket # 12-2. When pressed by defense counsel as to whether she believed she was terminated because she took FMLA leave, plaintiff answered affirmatively.

Defendants thus raise an issue that the First Circuit has not squarely addressed: Whether a deposition transcript may constitute "other paper" for purposes of 28 U.S.C. § 1446(b)(3). See Romulus v. CVS Pharmacy, Inc., 770 F.3d 67, 76-79 (1st Cir. 2014). However, I need not resolve this issue because, even assuming the deposition testimony is properly before the court, jurisdiction is lacking.

Federal question jurisdiction exists if a complaint states a claim "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A claim arises under federal law if: (1) federal law creates the cause of action; or (2) plaintiff's right to relief depends on the resolution of a substantial question of federal law. Empire Healthchoice Assur., Inc. v. McVeigh, 547 U.S. 677, 690 (2006) (citing Franchise Tax

---

[1] 28 U.S.C. § 1446(b)(3) provides: "[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant ... of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal., 463 U.S. 1, 27–28 (1983)).

Although the complaint references plaintiff's FMLA leave in its factual recitation, Count II clearly seeks relief for retaliation under Chapter 151B, not under the FMLA or any other federal law.  Defendants argue, however, that the claim must arise under the FMLA because taking maternity leave is not, in fact, a "protected activity" under the state statute.  Defendants cite one Massachusetts Superior Court case for this proposition, Frederick v. Richardson Elecs., LTD., No. 0300928, 2005 WL 2542929, at *6 (Mass. Super. Sept. 19, 2005), but the holding of that case has since been described as "erroneous,"  Krause v. UPS Supply Chain Sols., Inc., No. CIV.A.08-CV-10237DPW, 2009 WL 3578601, at *11 n.18 (D. Mass. Oct. 28, 2009).  In any event, whether Count II states a cognizable claim under Chapter 151B is a question for the state court to decide; skepticism about the claim's viability does not turn it into one rooted in federal law.

Furthermore, Count II does not involve "a substantial question of federal law in dispute between the parties." Franchise Tax Bd., 463 U.S. at 13.  To determine the retaliation claim, a court need not interpret nor grapple with federal law. The mere fact that the conduct for which plaintiff alleges she was fired may include her FMLA leave does not imbue plaintiff's state law claim with any significant federal legal issue over which this court could exercise jurisdiction.

Plaintiff's motion to remand (Docket # 8) is therefore allowed.  Because the court does not find that defendants lacked an "objectively reasonable basis for removal," Martin v. Franklin Capital Corp., 546 U.S. 132, 132 (2005), plaintiff's request for

attorneys' fees and costs under 28 U.S.C. § 1447(c) is denied.

.

     February 1, 2019                                    /s/Rya W. Zobel         

         DATE                                               RYA W. ZOBEL
                                                    SENIOR UNITED STATES DISTRICT JUDGE